IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NORTHEASTERN DIVISION

**JOHN MOORE and JESSIE WOOLVERTON,** *individually, and on behalf of themselves and others similarly situated,*

Plaintiffs,

v.                              No._____

**STONEPEAK CERAMICS, INC.,**

                         **FLSA Multi-Plaintiff Action**
                         **JURY DEMANDED**

Defendant.

## ORIGINAL MULTI-PLAINTIFF ACTION COMPLAINT

Named Plaintiffs, John Moore and Jessie Woolverton ("Plaintiffs"), on behalf of themselves, individually, and on behalf of themselves and others similarly situated, file this Multi-Plaintiff Action Complaint, averring as follows:

1. This is a multi-plaintiff action for violations of the Fair Labor Standards Act, 29 U.S.C. §§ 201, *et seq*. ("FLSA") brought against Stonepeak Ceramics, Inc. ("Defendant") on behalf of Plaintiffs, individually, and on behalf of themselves and all similarly situated hourly-paid production employees who worked for Defendant during the past three (3) years. Plaintiffs and those similarly situated seek damages for unpaid "off the clock" work time and unpaid meal period work time, as described hereinafter.

### JURISDICTION AND VENUE

2. This Court has original jurisdiction over this action under 29 U.S.C. §§ 201, *et seq.,* 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

1

3. Venue is proper in this district pursuant to 28 U.S.C. § 1391 because Plaintiffs performed work for Defendant in this district during all times material. In addition, Defendant has conducted business in this district during all times material.

## PARTIES

4. Defendant, Stonepeak Ceramics, Inc., is a Delaware Corporation with its principal offices located at 325 W. Huron Street (Suite 404), Chicago, Illinois 60654-3689. Defendant's registered agent for service of process is: C T Corporation, 300 Montvue Rd, Knoxville, TN 37919.

5. Plaintiff, John Moore, worked as an hourly-paid production employee for Defendant during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Moore's Consent to Join is attached hereto as *Exhibit A*.

6. Plaintiff, Jessie Woolverton, worked as an hourly-paid production employee for Defendant during the three (3) year period immediately preceding the filing of this Complaint. Plaintiff Woolverton's Consent to Join is attached hereto as *Exhibit B*.

## FACTUAL ALLEGATIONS

7. Defendant manufactures ceramics in Crossville, Tennessee and other locations across the United States.

8. Plaintiffs were employed by Defendant as hourly-paid production employees at Defendant's manufacturing plant in Crossville, Tennessee during all times relevant and material to this action.

9. Defendant has been the "employer" of Plaintiffs and those similarly situated within the meaning of 29 U.S.C, § 203(d) and § 203(r) at all times relevant and material to this action.

10. At all times relevant and material to this action, Plaintiffs and those similarly situated have

been "employees" of Defendant as defined by Section 203(e)(1) of the FLSA, and performed work for Defendant within the territory of the United States within three (3) years preceding the filing of this collective action.

11. At all times material to this action, Defendant has been an enterprise engaged in commerce and production of goods for commerce as defined by section 203(s)(1) of the FLSA, with annual revenue in excess of $500,000.00. Plaintiffs and those similarly situated also have engaged in commerce and the production of goods for commerce on behalf of Defendant during the applicable statutory period.

12. Plaintiffs and those similarly situated performed work for Defendant in excess of forty (40) hours per week within weekly pay periods during all times material and relevant to this action without being compensated for all of such time at the applicable FLSA overtime compensation rates of pay.

13. More specifically, Defendant had a common plan, policy and practice of requiring, inducing, expecting, and/or suffering and permitting, Plaintiffs and those similarly situated to perform work prior to the beginning of their scheduled shifts, without compensating them for such pre-shift "off the clock" work at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this multi-plaintiff action.

14. In addition, Defendant had a common plan, policy and practice of not paying Plaintiffs and those similarly situated for work performed past 15 minutes of their respective shifts at the applicable FLSA overtime compensation rates of pay within weekly pay periods during all times material to this multi-plaintiff action.

15. Defendant also had a common practice of requiring, inducing, expecting, and/or suffering

3

and permitting, Plaintiffs and those similarly situated to work during unpaid meal periods within weekly pay periods during all times relevant and material, without compensating them for such work time at the applicable FLSA overtime compensation rates of pay. (Although Defendant had a practice of allowing Plaintiffs and those similarly situated to write their unpaid "work during lunch" time on a document, it nonetheless failed to compensate them for all such unpaid overtime.)

16. The aforementioned unpaid overtime claims of Plaintiffs and those similarly situated are unified through common theories of Defendant's FLSA violations.

17. Defendant's common plan, policy and practice of not compensating Plaintiffs and those similarly situated for their compensable overtime hours at the applicable FLSA overtime rates of pay violated the provisions of the FLSA, 29 U.S.C. § 207(a)(1).

18. Defendant's unlawful actions and inactions were willful and with reckless disregard to the FLSA overtime compensation requirements, and without a good faith basis.

19. Defendant failed to keep accurate time records of Plaintiffs and potential plaintiffs – in violation of the FLSA.

20. As a result of Defendant's lack of a good faith basis and willful failure to pay Plaintiffs and potential plaintiffs in compliance with the requirements of the FLSA, they have suffered lost wages in terms of lost overtime compensation as well as other irreputable damages.

21. The net effect of Defendant's common practice of not compensating Plaintiffs and potential plaintiffs for all their overtime compensation was to unjustly enrich itself and enjoy ill-gained profits at the expense of Plaintiffs and potential plaintiffs to this action.

## FLSA MULTI-PLAINTIFF ACTION ALLEGATIONS

22. Plaintiffs bring this case as a multi-plaintiff action on behalf of themselves and potential

plaintiffs pursuant to 29 U.S.C. § 216(b) to recover unpaid overtime compensation, liquidated damages, attorneys' fees and costs, and other damages owed.

23. Plaintiffs and potential plaintiffs to this action are "similarly situated" for purposes of 29 U.S.C. §216(b) in that Defendant employed a common compensation plan, policy and practice that resulted in a failure to pay them for all their overtime hours worked within weekly pay periods during all times material at the applicable FLSA overtime compensation rates of pay - in violation of the FLSA.

24. This lawsuit is properly maintained as a multi-plaintiff action because Plaintiffs are similarly situated to potential plaintiffs in that they were similarly subjected to Defendant's unlawful time keeping, pay and compensation policies and practices.

25. This action also is properly maintained as a multi-plaintiff action because the unpaid overtime claims of Plaintiff and potential plaintiffs are unified through common theories of Defendant's FLSA violations.

26. The multi-plaintiff action mechanism is superior to other available methods for a fair and efficient adjudication of this controversy. Defendant has acted or refused to act on grounds generally applicable to Plaintiffs and potential plaintiffs to this action. The prosecution of separate actions could create a risk of inconsistent and varying adjudications, place a substantial and unnecessary burden on the courts and/or substantially impair the ability of class members to protect their interests.

27. Plaintiffs will fairly and adequately protect the interests of potential plaintiffs as their interests are in complete alignment with those of potential plaintiffs, i.e., to pursue their unpaid overtime wage claims, as previously described.

28. Counsel for Plaintiffs will adequately protect Plaintiffs' interests as well as the interests of

potential plaintiffs who join this action.

29. Defendant required Plaintiffs and potential plaintiffs to perform overtime work duties within weekly pay periods during all times material to this action, without compensating them at the applicable FLSA overtime rates of pay for such compensable time.

30. Defendant knew Plaintiffs and potential plaintiffs performed work duties that required overtime compensation to be paid. Nonetheless, Defendant operated under a common plan, policy and practice to deprive Plaintiffs and potential plaintiffs of such FLSA required overtime compensation.

31. Defendant's conduct was willful with reckless disregard to established FLSA overtime requirements, and without a good faith basis for such conduct.

32. Plaintiffs and potential plaintiffs have suffered and will continue to suffer irreparable damage from the unlawful common plans, policies and practices implemented and administered by Defendant.

33. Therefore, Defendant is liable to Plaintiffs and potential plaintiffs under the FLSA for failing to properly compensate them for their unpaid overtime wage claims, as previously described

34. Plaintiffs request this Court to facilitate notices to potential plaintiffs to inform them of the pendency of this action and their right to join this lawsuit pursuant to 29 U.S.C. § 216(b), for the purpose of seeking unpaid overtime compensation as well as liquidated damages under the FLSA, and the other relief requested herein.

35. Plaintiffs estimate there are more than 100 potential plaintiffs to this action. The precise number of potential plaintiffs can likely be ascertained by examining Defendant's payroll, scheduling, time keeping, personnel and other work-related records and documents. Given

the composition and size of the class, potential members should be informed of the pendency of this action directly via U.S. mail, text messaging, e-mail and by posting notice in all of Defendant's work sites.

36. The unpaid overtime compensation claims of Plaintiffs and potential plaintiffs may be determined partially by an examination of Defendant's payroll, scheduling, time keeping, personnel and other such work-related records and documents.

## COUNT I
### (Violation of the Fair Labor Standards Act)

37. Plaintiffs incorporate by reference all preceding paragraphs as fully as if written herein.

38. This count arises from Defendant's violation of the FLSA in connection with its failure to pay earned overtime compensation to Plaintiffs and potential plaintiffs to this action, as previously described.

39. During all times material, Plaintiffs and potential members of this action have been entitled to the rights, protections, and benefits provided under 29 U.S.C. § 201, *et seq*.

40. Defendant has been an "employer" engaged in interstate commerce consistent with 29 U.S.C. § 206(a) and 207(a) during all times material.

41. At all relevant times, Plaintiffs and potential plaintiffs were "employees" of Defendant within the meaning of the FLSA's overtime wage requirements.

42. As a result of Defendant's common plan, policy and practice of requiring, inducing, expecting, and/or suffering and permitting, Plaintiffs and potential plaintiffs to perform "off the clock" and unpaid meal period time, as previously described, they were not paid all their overtime compensation as required by the FLSA.

43. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one-half (1.5) times the employee's regular rate of pay, for all hours worked

in excess of forty (40) hours per week. Pursuant to 29 C.F.R. § 778.315, compensation for hours worked in excess of forty (40) hours per week may not be considered paid to an employee unless that employee is compensated for all such overtime hours worked.

44. Through its common actions, inactions, policies and practices, Defendant violated the FLSA by regularly and repeatedly failing to compensate Plaintiff and potential plaintiffs for all their unpaid overtime, as previously described.

45. The foregoing actions of Defendant violated the FLSA.

46. Defendant's conduct was willful with reckless disregard to clearly defined FLSA overtime requirements, and without a good faith basis.

47. The unpaid overtime wage claims of Plaintiffs and potential plaintiffs are unified through common theories of Defendant's FLSA violations.

48. As a direct and proximate cause of Defendant's unlawful conduct, Plaintiffs and potential plaintiffs have suffered and will continue to suffer a loss of income and other damages.

49. Therefore, Defendant is liable to Plaintiffs and potential plaintiffs for actual damages, liquidated damages and equitable relief, pursuant to 29 U.S.C. § 216(b), as well as reasonable attorneys' fees, costs and expenses.

## COUNT II
## PLAINTIFF JOHN MOORE'S FLSA RETALIATION CLAIM

50. Plaintiff, John Moore, incorporates by reference all preceding paragraphs as fully as written herein.

51. Plaintiff Moore was unlawfully discharged from his employment with Defendant in retaliation for complaining to Defendant about not receiving overtime compensation that he had earned during all times material.

52. Shortly before being terminated from his employment, Plaintiff Moore complained to Defendant about not receiving overtime compensation for his overtime hours of work on behalf of Defendant.

53. Complaining to Defendant about not receiving overtime compensation that he had earned was a protected activity under 29 U.S.C. § 215(a)(3).

54. Defendant violated 29 U.S.C. § 215(a)(3) by terminating Plaintiff Moore's employment in retaliation for engaging in activity protected under the FLSA.

55. Defendant had no other basis to terminate Plaintiff Moore's employment but for his exercising his protected rights under 29 U.S.C. § 215(a)(3).

56. Defendant stated that Plaintiff Moore's termination of employment was because he had abandoned his job.

57. However, there was no basis for such termination.

58. At the time of the plant shut-down for the Christmas Holidays in December of 2023, Defendant notified Plaintiff Moore that he was to return to work on January 9, 2024.

59. Plaintiff Moore was prepared to return to work on January 9, 2024, but he was terminated from his employment the previous day on January 8, 2024 for job abandonment.

60. Defendant's reason for terminating Plaintiff's employment was patently pretextual.

61. Plaintiff Moore's termination was causally connected to his protected activity in that he was discharged from his employment soon after complaining about not receiving overtime compensation for the overtime he had performed for Defendant during all times material.

62. Defendant was aware of Plaintiff Moore's protected activity before terminating his employment.

63. As a result of his unlawful termination Plaintiff Moore has suffered monetary damages

(lost wages both present and future), compensatory damages (emotional distress, loss of reputation, etc.), and other legal and equitable damages.

64. Defendant's conduct was willful and in reckless disregard to clearly established FLSA provisions.

## COUNT III
## PLAINTIFF JESSIE WOOLVERTON'S FLSA RETALIATION CLAIM

65. Plaintiff, Jessie Woolverton, incorporates by reference all preceding paragraphs as fully as written herein.

66. Plaintiff Woolverton was unlawfully discharged from his employment with Defendant in retaliation for complaining to Defendant about not receiving overtime compensation that he had earned during all times material.

67. Shortly before being terminated from his employment, Plaintiff Woolverton complained to Defendant about not receiving overtime compensation for his overtime hours of work on behalf of Defendant.

68. Complaining to Defendant about not receiving overtime compensation that he had earned was a protected activity under 29 U.S.C. § 215(a)(3).

69. Defendant violated 29 U.S.C. § 215(a)(3) by terminating Plaintiff Woolverton's employment in retaliation for engaging in activity protected under the FLSA.

70. Defendant had no other basis to terminate Plaintiff Woolverton's employment but for his exercising his protected rights under 29 U.S.C. § 215(a)(3).

71. Defendant stated that Plaintiff Woolverton's termination of employment was because he had abandoned his job.

72. However, there was no basis for such termination.

73. At the time of the plant shut-down for the Christmas Holidays in December of 2023, Defendant notified Plaintiff Woolverton that he was to return to work on January 9, 2024.

74. Plaintiff Woolverton was prepared to return to work on January 9, 2024, but he was terminated from his employment the previous day on January 8, 2024 for job abandonment.

75. Defendant's reason for terminating Plaintiff's employment was patently pretextual.

76. Plaintiff Woolverton's termination was causally connected to his protected activity in that he was discharged from his employment soon after complaining about not receiving overtime compensation for the overtime he had performed for Defendant during all times material.

77. Defendant was aware of Plaintiff Woolverton's protected activity before terminating his employment.

78. As a result of his unlawful termination Plaintiff Woolverton has suffered monetary damages (lost wages both present and future), compensatory damages (emotional distress, loss of reputation, etc.), and other legal and equitable damages.

79. Defendant's conduct was willful and in reckless disregard to clearly established FLSA provisions.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, individually, and on behalf of themselves and potential plaintiffs, requests the Court to enter judgment in their favor on this Complaint and:

A. On Count I, promptly facilitate notice to potential plaintiffs under 29 U.S.C. § 216(b), apprising them of the pendency of this action and permitting them to assert timely FLSA claims by filing individual consents to join this action under said 29 U.S.C. § 216(b);

B. On Count I, award Plaintiffs and potential plaintiffs who join this action all of their unpaid

overtime compensation;

C. On count I, award Plaintiffs and potential plaintiffs who join this action liquidated damages in accordance with the FLSA;

D. On Count I, award Plaintiffs and potential plaintiffs who join this action prejudgment interest (to the extent that liquidated damages are not awarded);

E. On Count I, award Plaintiffs and potential plaintiffs who join this action reasonable attorneys' fees and all costs of this action, to be paid by Defendant, in accordance with the FLSA;

F. On Count I, award post-judgment interest and court costs as allowed by law;

G. On Count II, a ruling that Plaintiff John Moore was unlawfully terminated from his employment in violation of 29 U.S.C. § 215(a)(3).

H. On Count II, an award of legal and equitable damages to Plaintiff John Moore for being unlawfully terminated from his employment in violation of 29 U.S.C. § 215(a)(3), including compensatory damages for severe emotional stress, etc.

I. On Count II, an award of liquidated damages to Plaintiff John Moore for being unlawfully terminated from his employment in violation of 29 U.S.C. § 215(a)(3).

J. On Count II, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff John Moore;

K. On Count III, a ruling that Plaintiff Jessie Woolverton was unlawfully terminated from his employment in violation of 29 U.S.C. § 215(a)(3).

L. On Count III, an award of legal and equitable damages to Plaintiff Jessie Woolverton for being unlawfully terminated from his employment in violation of 29 U.S.C. § 215(a)(3),

including compensatory damages for severe emotional stress, etc.

M. On Count III, an award of liquidated damages to Plaintiff Jessie Woolverton for being unlawfully terminated from his employment in violation of 29 U.S.C. § 215(a)(3).

N. On Count III, an award of costs, expenses, and disbursements relating to this action together with reasonable attorneys' fees and expert fees to Plaintiff Jessie Woolverton;

O. Allow Plaintiffs to amend this Complaint, if necessary, as new facts are discovered;

P. Provide additional general and equitable relief to which Plaintiffs and potential plaintiffs may be entitled; and

Q. Provide further relief as the Court deems just and equitable.

## JURY DEMAND

Plaintiff hereby demands a **TRIAL BY JURY** as to all issues.

Dated: February 13, 2024.

Respectfully Submitted,

*s/J. Russ Bryant*

Gordon E. Jackson (TN BPR #8323)
J. Russ Bryant (TN BPR #33830)
J. Joseph Leatherwood IV (TN BPR #39490)
**JACKSON, SHIELDS, YEISER, HOLT OWEN & BRYANT**
Attorneys at Law
262 German Oak Drive
Memphis, Tennessee 38018
Telephone: (901) 754-8001
Facsimile: (901) 754-8524
gjackson@jsyc.com
rbryant@jsyc.com
jleatherwood@jsyc.com
***ATTORNEYS FOR PLAINTIFF AND FOR OTHERS SIMILARLY SITUATED***